[Doc. No. 5]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **STATE FARM FIRE AND CASUALTY COMPANY,**<br><br>                    Plaintiff,<br><br>     v.<br><br>**KEVIN M. MACCHIA,**<br><br>                    Defendant. | Civil No. 22-00876 (JHR/MJS) |

**O P I N I O N  &  O R D E R**

This matter is before the Court on the motion filed by Shana Angemi [Doc. No. 5] seeking to intervene in this insurance coverage declaratory judgment action initiated by State Farm Fire and Casualty Company against Kevin M. Macchia. The Court is in receipt of the response in opposition to the motion filed by plaintiff State Farm Fire and Casualty Company [Doc. No. 9]. The Court exercises its discretion to decide the proposed intervenor's motion without oral argument. See Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons to be discussed, the motion is **DENIED**.

**Background**

State Farm Fire and Casualty Company ("State Farm") is an insurance company that issued a Personal Liability Umbrella Policy (the "Policy") to George Macchia, the father of defendant Kevin M. Macchia ("Defendant"). The Policy provides excess insurance to the

1

named insured (George Macchia) as well as resident spouses, relatives, and dependents of the household who reside primarily at the household.

The complaint in this action alleges that on April 10, 2018, Defendant was operating an Acura MDX owned by his mother, Joni Macchia, when the vehicle collided with a vehicle operated by Shana Angemi ("Movant" or "Ms. Angemi"). See Doc. No. 1, ¶ 12 (Complaint). On March 2, 2020, Ms. Angemi filed a negligence action against Defendant and his mother in the Superior Court of New Jersey, Camden County (Docket # CAM-L-858-20). Id. ¶ 13. During his deposition in the underlying matter, Defendant provided a history of his residences noting that he had not lived at his parents' residence in over three years. Id. ¶ 14; Exhibit E at 7:21-9:16.

Ostensibly as a result of this testimony, State Farm made a determination that Defendant is not a resident relative of the named insured. Id. ¶¶ 17-18. State Farm has further determined that Defendant does not fall under any of the remaining categories of insureds. Id. ¶¶ 19-20. State Farm therefore does not consider Defendant an insured for purposes of liability coverage under the Policy as it relates to the April 10, 2018 accident. Id. ¶ 20.[1]

---

[1] However, Defendant is currently provided a defense by State Farm retained counsel pursuant to the underlying personal automotive liability policy which contains a broader definition of an insured, which would include Defendant. See Compl. ¶ 21, n.1.

2

Accordingly, State Farm filed the instant action on February 17, 2022 seeking declaratory judgment that it owes no duty under the Policy to defend and/or indemnify Defendant respecting any claims brought against him in the underlying state action or any future action arising out of the April 10, 2018 accident. Id. ¶¶ 21-22.

Ms. Angemi now moves before this Court to intervene in the instant action, arguing she is entitled to join as a defendant under Fed. R. Civ. P. 24 because "State Farm may not be required to provide the excess coverage if Kevin Macchia is not found to be a resident of the household." See Doc. No. 5-3 at *6 (the "Motion"). Ms. Angemi contends she will be directly and adversely affected by the denial of coverage as an intended beneficiary of that coverage, and that there are factual issues in dispute concerning Defendant's residence on the date of the accident. Id. at *3.

**Discussion**

"Intervention is a method of joinder and is governed by Federal Rule of Civil Procedure 24." Conover v. Patriot Land Transfer, LLC, No. CV 17-4625, 2019 WL 12313482, at *2 (D.N.J. Dec. 13, 2019). Movant seeks intervention as of right pursuant to Rule 24 (a) and permissive intervention pursuant to Rule 24 (b). Under Rule 24 (a):

> On timely motion, the court must permit anyone to intervene who:

>  (1) is given an unconditional right to intervene by a federal statute; or
>
>  (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24 (a); Cole v. NIBCO, Inc., No. 313CV07871, 2016 WL 1313106, at *2 (D.N.J. Apr. 4, 2016).

Movant asserts that her "right to intervene is provided under the Declaratory Judgment Act[.]" Mot. at *5. Without citing to any specific language of the statute, Movant appears to argue that it confers such right based upon her status as an "interested party." The language of Rule 24 (a)(1) has been interpreted to mean that "[a]n intervenor possesses a statutory right to intervene only when a federal statute unambiguously grants the applicant an unconditional right to participate in litigation." Oakland Cty. v. Fed. Nat. Mortgage Ass'n, 276 F.R.D. 491, 494 (E.D. Mich. 2011) (quoting 6 James Wm. Moore et al., Moore's Federal Practice § 24.02 (3d ed.2011)) (internal quotations omitted). But "[i]f the intervenor must fulfill conditions, **such as proving an 'interest' that has been impaired or impeded**, then the legislation is conditional, not unconditional, and Rule 24(a)(1) is not applicable." Id. (emphasis added). In a declaratory judgment action featuring a posture similar to the one here, this Court rejected movants' argument that the Declaratory Judgment Act

4

conferred an unconditional right to intervene. See In re Camden Police Cases, No. 11-1315, 2012 WL 4442415, at *2 (D.N.J. Sept. 24, 2012) ("[T]he Federal Declaratory Judgment Act, 28 U.S.C. § 2201 . . . does not give movants a right to intervene here[.]"). Accordingly, the Court disagrees that the Declaratory Judgment Act affords Movant an unconditional right to intervene in this action under Fed. R. Civ. P. 24(a)(1).

"Absent a federal statute conferring an unconditional right to intervene, a party's right to intervention under Rule 24(a) is subject to the analysis determined by subsection (2)." Pennsylvania Gen. Energy Co., LLC v. Grant Twp., 658 F. App'x 37, 43 (3d Cir. 2016). Under Rule 24(a)(2), a non-party is entitled to intervene if "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 365-66 (3d Cir. 1995) (quoting Harris v. Pernsley, 820 F.2d 592, 596 (3d Cir. 1987)). "Each of these requirements must be met to intervene as of right." Id. at 366.

"Key to establishing a sufficient interest for intervention, a petitioner must demonstrate an interest relating to the property or transaction which is the subject of the action." KnightBrook

5

Ins. Co. v. Del Val Staffing, LLC, No. CIV.A. 13-2825, 2013 WL 4665945, at *2 (E.D. Pa. Aug. 30, 2013) (internal quotations and citations omitted); see also Mountain Top, 72 F.3d at 366. Movant's interest must be "significantly protectable." Mountain Top, 72 F.3d at 366 (quoting Donaldson v. United States, 400 U.S. 517, 531, 91 S.Ct. 534, 542, 27 L.Ed.2d 580 (1971). That is, the interest must be "a legal interest as distinguished from interests of a general and indefinite character." Harris, 820 F.2d at 601 (3d. Cir. 1987) (internal quotations and citations omitted). Because the "sufficient interest" factor is dispositive, this Court limits its analysis to this requirement. See KnightBrook Ins. Co., 2013 WL 4665945, at *2; State Farm Fire & Cas. Co. v. Worontzoff, No. CV 20-0839, 2020 WL 4530704, at *2 (E.D. Pa. Aug. 6, 2020).

The Third Circuit's decision in Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 221 (3d Cir. 2005) supplies the controlling standard for evaluating whether a party has sufficient interest to intervene in an action for declaratory judgment. In Treesdale, an insurer sought a declaratory judgment that it had no further duty to defend or indemnify the insured Pittsburgh Metals Purifying Company ("PMP") or its parent company after paying claims totaling in excess of $5 million, under the insured's umbrella excess liability (UEL) policies. Id. at 218-19. Individuals who allegedly suffered personal injuries from exposure to asbestos-

6

containing products manufactured or sold by PMP moved to intervene in the declaratory judgment action. Id. The movants contended they had an interest in the UEL policies because the insurance proceeds were a longstanding source of compensation for similarly-situated asbestos victims. Id. at 221. The Third Circuit rejected the movants' contention that "plaintiffs who have asserted tort claims against the insured can intervene as of right in an insurance coverage declaratory judgment action between the insured and its insurer." Id. at 223. At most, the movants had an economic interest in the insurance proceeds, but "no property interest" nor "any other legally protectable interest in the policies." Id. at 222 (affirming the district court's denial of the motion to intervene); see also State Farm Fire & Cas. Co. v. Spector, 2016 WL 8668295, at *5 (E.D. Pa. Nov. 4, 2016) ("Treesdale stands for the proposition that an injured party is not entitled to intervene as a matter of right under Rule 24(a) in a declaratory judgment action over an insurance policy."); Hartford Casualty Ins. Co. v. Cardenas, 292 F.R.D. 235, 240 (E.D. Pa. 2013) (concluding that Treesdale precludes intervention of an injured third party in a declaratory judgment insurance action).

Treesdale controlled in a case which closely tracks the facts here where State Farm has made a determination that Defendant is not an insured for purposes of liability coverage under the Policy as it relates to the April 10, 2018 accident. See Selective Way

7

Ins. Co. v. Gingrich, No. CIV.A. 1:08-CV-994, 2008 WL 4899973, at *1 (M.D. Pa. Nov. 12, 2008). In Gingrich, the insurer sought a declaratory judgment in federal court that the defendant in an underlying state court action arising from an automobile accident was not, in fact, covered under the subject policy. Id. The plaintiff in the underlying action moved to intervene in the declaratory judgment action pursuant to Rule 24 (a)(2). Id. Relying on Treesdale, Chief Judge Kane rejected the argument that movant was a necessary party and concluded he had not established a legal or property interest in the insurance policy. Id. at *1–2.

As in Gingrich, the Movant here is a state court tort plaintiff seeking to intervene in insurer State Farm's declaratory judgment action against insured Kevin M. Macchia regarding its obligation to provide coverage. Applying the precepts of Treesdale, it is apparent that Movant's only interest is the kind of "mere economic interest" that Courts have found insufficient to intervene as of right.[2]

Treesdale similarly forecloses permissive intervention under Rule 24 (b)(1) here. Under Rule 24 (b)(1),

> On timely motion the court may permit anyone to intervene who:

---

[2] And similar to Treesdale, Movant "cite[s] no controlling authority to support . . . that plaintiffs who have asserted tort claims against the insured can intervene as of right in an insurance coverage declaratory action between the insured and its insurer."

8

>   (A) is given a conditional right to intervene by a federal statute; or
>
>   (B) has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24 (b)(1).[3] The Third Circuit has cautioned that a proposed intervenor with only a contingent financial interest in the declaratory judgment action "cannot accurately claim that there are common questions of law or fact between the coverage dispute and actions to determine liability for injuries [the insured] may have caused." Treesdale, 419 F.3d at 228. Explicating this principle, the Third Circuit reasoned that the questions in each case are separate and distinct: the tort action determines whether the insured is liable for the alleged injuries, whereas the declaratory judgment action interprets the insurance policy to determine whether the insurer has a contractual obligation to pay for any injuries that are proven. Id.; see also Worontzoff, 2020 WL 4530704, at *2.

The complaint for declaratory judgment here seeks limited relief. It requires the Court to interpret the Policy to determine whether Defendant is an insured for purposes of liability coverage such that State Farm would be obligated to defend and/or indemnify for any claims brought against him in the underlying action. See Compl. at *5. The Policy was issued to insured George Macchia as

---

[3] For the reasons discussed, supra, the Court does not find that Movant is conferred a right to intervene by federal statute.

the named insured and provides excess personal liability coverage to insureds that is secondary to the underlying liability coverage. Movant is neither primarily nor secondarily insured under the policy. And further, her contention that she is an "intended beneficiary" is inconsequential to the legal analysis attendant to disposition of the operative inquiry, which asks whether she has a claim or defense that shares with the main action a common question of law or fact. See Fed. R. Civ. P. 24 (b)(1)(B). Accepting Movant's position that there are factual issues in dispute concerning Defendant's residence on the date of the accident, Movant may indeed have a contingent financial interest in the declaratory judgment action. This fact alone is insufficient, however, to warrant permissive intervention under the circumstances where the declaratory judgment action has been brought to resolve the immediate question concerning the application of coverage to Kevin M. Macchia. Once again, as the Third Circuit held in Treesdale, a proposed intervenor with only a contingent financial interest in the declaratory judgment action "cannot accurately claim that there are common questions of law or fact between the coverage dispute and actions to determine liability for injuries [the insured] may have caused." Treesdale, 419 F.3d at 228.[4]

---

[4] Movant likewise has no recourse under Rule 19, as she has no legally protected interest relating to the subject of this federal

10

**Conclusion**

For the foregoing reasons, the motion filed by Shana Angemi [Doc. No. 5] seeking to intervene in this insurance coverage declaratory judgment action is **DENIED**.

---

action and only a contingent financial interest. Spring-Ford Area School District v. Genesis Ins. Co., 158 F.Supp.2d 476, 483 (E.D.Pa. 2001) (citations omitted); see, e.g., Special Jet Services, Inc. v. Federal Ins. Co., 83 F.R.D. 596, 599 (W.D.Pa. 1979) ("The 'interest' relating to the subject matter of the action that makes an absent party a party needed for just adjudication must be a legally protected interest, not merely a financial interest or interest for convenience.") (quoting 3A, Moore's Federal Practice ¶ 19.07-1(2)); see also ACRA Turf, LLC v. Zanzuccki, No. CIV.A. 12-2775 MAS, 2013 WL 776236, at *3 (D.N.J. Feb. 27, 2013), aff'd sub nom. Acra Turf Club, LLC v. Zanzuccki, 561 F. App'x 219 (3d Cir. 2014) ("a party is only necessary if it has a legally protected interest, and not merely a financial interest, in the action"); Epsilon-NDT Endustriyel Kontrol Sistemleri Sanayi Ve Ticaret A.S. v. Powerrail Distrib., Inc., No. 3:18-CV-00821, 2018 WL 5078276 at *3 (M.D. Pa. Oct. 18, 2018) ("A party to a contract which is the subject of the litigation is a necessary party.") (internal quotations omitted); Image Masters, Inc. v. Chase Home Fin., 489 B.R. 375, 398 (E.D. Pa. Mar. 11, 2013) ("Because the homeowners are parties to the mortgage contracts at issue, they have a sufficient interest in the litigation [to be deemed necessary parties]."); Epsilon Energy USA, Inc. v. Chesapeake Appalachia, LLC, No. 1:21-CV-00658, 2021 WL 1614795, at *6 (M.D. Pa. Apr. 26, 2021). Here, Movant has no legally protectable interest in the policy because she has only a contingent financial interest. See, e.g., Nat'l Cas. Co. v. Young, No. CIV.A. 07-CV-04836, 2008 WL 4414719, at *2 (E.D. Pa. Sept. 23, 2008) (plaintiff in underlying state action was not a "necessary" party to separate declaratory judgment action by insurance company against insured where plaintiff had no legal relationship to the policy at issue and her interest was limited to her desire to recover under the policy were she to prevail in the underlying action).

<u>s/ Matthew J. Skahill</u>
MATTHEW J. SKAHILL
United States Magistrate Judge

At: Camden, New Jersey